AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

FILED
NOV 20 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Juanita Yadira Hernandez Gomez | ) | Case No. DR-25-5196m-01 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 16, 2025__ in the county of __Maverick__ in the __Western__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 933(a)(1) & (b) | Conspiracy to Traffic Firearms |

This criminal complaint is based on these facts:

SEE ATTACHMENT A.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Eduardo Menchaca, ATF Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/20/2025

_____
*Judge's signature*

City and state: Del Rio, Texas

Matthew H Watters, United States Magistrate Judge
*Printed name and title*

# ATTACHMENT A

1. The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and Homeland Security Investigations (HSI) are investigating **Juanita Yadira HERNANDEZ Gomez** for violations of federal firearm laws. Your Affiant learned through this investigation that **HERNANDEZ** transported at least two firearms into Mexico through the Eagle Pass, Texas Port of Entry, situated in the Western District of Texas.

2. On September 17, 2025, ATF opened an investigation on an individual (hereinafter referred to as **INDIVIDUAL #1**) who had purchased several .380 caliber pistols between July 27, 2025, to September 16, 2025. **INDIVIDUAL #1** purchased four Ruger, Model Security 380, .380 caliber pistols and one Glock, Model 42, .380 caliber pistol. ATF also noted that **INDIVIDUAL #1** had multiple crossings to and from the United States and Mexico through the Eagle Pass, Texas Port of Entry. ATF learned that **INDIVIDUAL #1** crossed the border with **HERNANDEZ**. **INDIVIDUAL #1** and **HERNANDEZ** have been recorded crossing into the United States from Mexico through the Eagle Pass, Texas Port of Entry in a white Dodge Ram pick-up truck with trailer.

3. On September 27, 2025, ATF and HSI interviewed **INDIVIDUAL #1** at the Eagle Pass, Port of Entry, Bridge #2. In a post *Miranda* interview, **INDIVIDUAL #1** told agents that she straw purchased two firearms for **HERNANDEZ** on September 16, 2025, at a Federal Firearms License (FFL) store in Eagle Pass, Texas. **INDIVIDUAL #1** stated that **HERNANDEZ** gave her cash for the firearms. ATF presented **INDIVIDUAL #1** with a firearm transaction record (ATF FORM 4473) signed by **INDIVIDUAL #1**, dated September

16, 2025. Agents confirmed the firearms **INDIVIDUAL #1** straw purchased for **HERNANDEZ** were a *Ruger, Security 380, .380 pistol (S/N 388-05342)* and *Ruger, Security 380, .380 pistol (S/N 387-95372)*. **INDIVIDUAL #1** stated **HERNANDEZ** concealed the two firearms inside the Dodge Ram pick-up truck with trailer and later gave them to a "comandante" (Mexican Official) in Monterey, Mexico. **INDIVIDUAL #1** further provided consent to search her cellular mobile device which assisted agents in identifying **HERNANDEZ**.

4. On November 18, 2025, ATF and HSI interviewed **HERNANDEZ** at the Eagle Pass, Port of Entry, Bridge #2. In a post *Miranda* interview, **HERNANDEZ** stated she trafficked two firearms into Mexico with **INDIVIDUAL #1**. **HERNANDEZ** stated that she knows she cannot possess firearms because of her immigration status (B1/B2 Visa). **HERNANDEZ** stated that she gave cash money, $200 USD, to **INDIVIDUAL#1** to straw purchase the two firearms (Ruger .380 pistols) on September 16, 2025, at the FFL in Eagle Pass, Texas. **HERNANDEZ** stated she did not have a license to export firearms into Mexico. **HERNANDEZ** stated that she concealed one of the Ruger pistols inside the arm rest of her Dodge Ram pick-up truck and the other Ruger pistol inside **INDIVIDUAL #1's** luggage. **HERNANDEZ** stated that she made a negative declaration of possessing firearms to CBP Officers when she crossed the firearms into Mexico on September 16, 2025. **HERNANDEZ** further stated that she gave one of the Ruger pistols to a "comandante" in Nuevo Leon, Mexico.

5. **HERNANDEZ** gave agents consent to search her cellular mobile device. Agents reviewed **HERNANDEZ's** cellular mobile device and learned that **HERNANDEZ** deleted messages

between her and **INDIVIDUAL #1.**

6. On November 19, 2025, ATF went to the FFL in Eagle Pass, Texas and reviewed video surveillance footage for September 16, 2025. ATF observed **INDIVIDUAL #1** and **HERNANDEZ** enter the store at approximately 7:22 P.M.



**_HERNANDEZ (LEFT) & INDIVIDUAL #1 (RIGHT)_**

7. ATF observed **INDIVIDUAL #1** at the firearm counter at approximately 7:30 P.M.



**INDIVIDUAL #1 at the Firearm Counter**

8. ATF observed **INDIVIDUAL #1** pay cash for the two firearms at the register and leave the store at approximately 8:00 P.M..



**RECEIPT OF FIREARM TRANSACTION**

9. ATF then observed **HERNANDEZ** leave the store at approximately 8:05 P.M.. ATF further observed **INDIVIDUAL #1** and **HERNANDEZ** leave in a Dodge pick-up truck with trailer in the FFL parking lot.



*DODGE PICK UP TRUCK WITH TRAILER IN FFL PARKING LOT.*

10. HSI and CBP reviewed outbound footage and observed the Dodge pick-up truck with trailer leave the United States through the Eagle Pass, Texas Port of Entry, Bridge #2, to Mexico at approximately 8:48 P.M.



**_DODGE PICK UP TRUCK WITH TRAILER IN THE OUTBOUND LANE AT EAGLE PASS, PORT OF ENTRY, BRIDGE #2_**

11. An ATF Interstate Nexus Expert determined that the **_Ruger, Security 380, .380 pistol (S/N 388-05342)_** and **_Ruger, Security 380, .380 pistol (S/N 387-95372)_** purchased by **INDIVIDUAL #1**, and trafficked to Mexico by **HERNANDEZ** and **INDIVIDUAL#1**, were manufactured outside the state of Texas and therefore traveling in and affecting interstate/foreign commerce.




12. Based on the foregoing facts, I believe that probable cause exists to establish that **Juanita Yadira HERNANDEZ Gomez**, knowingly conspired and agreed together with persons known and unknown to ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony as defined in section 932(a), in violation of **Title 18, United States Code § 933(a)(1) and (b).**